# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRETT C. TITTLE,**
      **Plaintiff,**

     v.                               Case No. 06-C-0984

**GLORIA PERKINS-MARIGNY,**
**BARRY MARIGNY, and**
**LEON O. SMITH,**
      **Defendants.**

## DECISION AND ORDER

Plaintiff, Brett C. Tittle, filed this pro se civil rights action under 42 U.S.C. § 1983. Currently pending are plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion to appoint counsel and plaintiff's motions to amend the complaint.

### I. IFP REQUEST

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has

been assessed and paid an initial partial filing fee of $0.49. Thus, plaintiff shall be permitted to proceed in forma pauperis. The remainder of the filing fee will be collected in the manner set forth below.

## II. PLRA SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of

2

the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

**A.    Background**

Plaintiff is currently incarcerated at the Milwaukee County Jail. Defendant Gloria Perkins-Marigny is plaintiff's ex-girlfriend. Defendant Barry Marigny is defendant Perkins-Marigny's husband. Defendant Leon O. Smith is a former boyfriend of defendant Perkins-Marigny.

On or around May 25, 2006, plaintiff was visiting Gloria Perkins-Marigny at her house when she went to the store, leaving plaintiff behind. While defendant Perkins-Marigny was gone, defendant Smith telephoned the house. When plaintiff answered the phone and identified himself, defendant Smith said that he was romantically involved with defendant Perkins-Marigny. Plaintiff confronted defendant Perkins-Marigny about the phone call and

she stated that defendant Smith was an ex-boyfriend who was upset because of her relationship with plaintiff.

On May 31, 2006, plaintiff met defendant Leon Smith at defendant Perkins-Marigny's sister's house. At that time, defendant Smith provided plaintiff with more detailed information about his relationship with defendant Perkins-Marigny. Id. Defendant Smith also gave plaintiff his address and told him to stop by his house to see for himself that he and defendant Perkins-Marigny were romantically involved.

On June 14, 2006, defendant Perkins-Marigny left plaintiff's house at 7:00 a.m. Id. Approximately 15 to 20 minutes later, plaintiff received a call from defendant Smith, indicating that defendant Perkins-Marigny had just arrived at his house.

According to plaintiff, he then drove to defendant Smith's house to confront defendant Perkins-Marigny. However, defendant Perkins-Marigny ran into the house before plaintiff could speak with her. Plaintiff then left and went to work.

About 15 to 20 minutes later, defendant Perkins-Marigny came to plaintiff's workplace to explain that she had gone to defendant Smith's house to tell him to leave her alone. Plaintiff asked defendant Perkins-Marigny to leave. Then, he called defendant Perkins-Marigny's father, who indicated that he knew that his daughter was seeing defendant Smith on a regular basis. Id. Her father also told plaintiff that defendant Perkins-Marigny was still living with her husband, defendant Barry Marigny, although they had been separated for more than two years.

After work, plaintiff collected defendant Perkins-Marigny's toiletry items from his home and took them to her place of employment. Plaintiff returned to his office at 7 or 8 p.m. and

4

Case 2:06-cv-00984-LA    Filed 04/12/07    Page 4 of 13    Document 30

found that defendant Perkins-Marigny had left at least two voice messages asking plaintiff to call her. She stated that she would stop by plaintiff's home after work to speak to him.

Plaintiff arrived home between 1:30a.m. and 2:00a.m. Plaintiff's roommate informed plaintiff that defendant Perkins-Marigny had called. Plaintiff then got in his car and went to the gas station, where he called defendant Perkins-Marigny. While he was on the phone with her, plaintiff heard heard a doorbell ring followed by a man's voice. The phone line then went dead.

Plaintiff proceeded to drive to defendant Perkins-Marigny's house. Plaintiff encountered several police cars on her street, and when he attempted to drive past them, he was pulled over and ordered to exit his car. Police then searched plaintiff's vehicle without his consent.

Plaintiff was subsequently taken to Brown Deer Police Department, where he was charged with operating while intoxicated. At the police station, plaintiff called defendant Perkins-Marigny, who asked if plaintiff had come to her house to kill her.

Three days later, plaintiff learned that his conversation with defendant Perkins-Marigny had been recorded. Plaintiff was ultimately charged with felony stalking and three counts of criminal damage to property. Plaintiff alleges that these charges were filed as a result of false statements made by defendants Perkins-Marigny and Smith. Specifically, defendant Perkins-Marigny: (1) told Gary Keller of the District Attorney's Office that on June 14, 2006, she received 15 to 20 calls from plaintiff and that plaintiff was upset because he heard that she was getting back together with defendant Smith; (2) she failed to tell police that she was romantically involved with plaintiff; (3) she filed a report at work stating that when she left plaintiff's house on the morning of June 14, 2006, plaintiff followed her to

5

defendant Smith's house and threatened to kill her and defendant Smith; and (4) she saw plaintiff drop an object during an altercation with defendant Smith.

For his part, defendant Smith called the police on June 14, 2006, and said that plaintiff had come to his home, pushed a car door into him and pulled a silver handgun. Defendant Smith indicated that he and defendant Perkins-Marigny then ran into the house and that defendant Perkins-Marigny required medical attention.

Plaintiff charges defendants with making false statements to police, substantially interfering with the intent to obstruct justice, anxiety and humiliation. For relief, plaintiff asks for $150,000.00 from each defendant for violating his constitutional rights and $150,000.00 from each defendant in punitive damages.

**A.    Analysis**

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The caption in this case names Barry Marigny as a defendant. However, with the exception of him being described as defendant Perkins-Marigny's husband, defendant Marigny is not mentioned in the complaint. Plaintiff's failure to assert a specific act of wrongdoing by defendant Marigny does not suffice to meet the personal involvement requirement necessary for § 1983 liability. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)("to recover damages under § 1983, a plaintiff must establish that a defendant was

6

personally responsible for the deprivation of a constitutional right."). Therefore, defendant Marigny should be dismissed from this action. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). However, dismissal of defendant Marigny is warranted on additional grounds.

Plaintiff charges defendants Gloria Perkins-Marigny, Barry Marigny and Leon O. Smith with violating his constitutional rights. Construing the complaint liberally, as I must at this stage, there is no indication that defendants are state actors. Indeed, plaintiff explicitly states that defendant Gloria Perkins-Marigny a "private citizen." (Compl. at 2). And, while a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right, plaintiff has not made any allegations of conspiracy. Cf. Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006) (plaintiff alleged that defendant police officers conspired to violate his constitutional rights when they persuaded a private individual "to make false and defamatory oral and written statements" to prejudice plaintiff in his employment with the Chicago Police Department). Thus, defendants Gloria-Perkins Marigny, Barry Marigny and Leon O. Smith will be dismissed.

7

## II. MOTIONS TO AMEND COMPLAINT

Plaintiff has filed nine motions to amend the complaint to add new defendants and new claims to this action.[1] Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend a pleading once as a matter of course any time before a responsive pleading is served. However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993).

Rule 15(a) of the Federal Rules of Civil Procedure states that live to file an amended complaint "shall be freely given when justice so requires." See also Foman v. Davis, 371 U.S. 178, 182 (1962). However, a plaintiff will not be allowed to amend if such amendments will be futile. Moore, 999 F.2d at 1128. For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. Id.

In the present case, none of plaintiff's motions include a proposed amended complaint, as the Local Rules require. See Civil L.R. 15.1 (E.D. Wis.)("Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading."). For example, plaintiff's March 21, 2007, motion to amend simply states that plaintiff would like to add James Perkins, Earma Jean Perkins, Sgt. Michael Carver, Officer Mark W. Rooney, Chief of the Brown Deer Police Department, Village of Brown Deer,

---

[1] I note that at least two of the defendants plaintiff seeks to add (Michael Carver and Mark W. Rooney) are named as defendants in Tittle v. Carver, No. 06-C-0938, another § 1983 action initiated by plaintiff. Inasmuch as plaintiff's motions to amend are incomplete and somewhat confusing, it is unclear at this stage what claims he seeks to pursue against Carver and Rooney.

8

Tiffany Starks, Barbara Schwinn, LT. Timothy Jantz, the Veterans Administration Police and the Veterans Administration Hospital as defendants. (See Pl.'s Mar. 21, 2007, Mot. to Add Defendants). And, in plaintiff's October 12, 2006, motion to amend, plaintiff indicates that he would like to add new claims to this action but fails to identify the responsible defendants. (See Pl.'s Oct. 12, 2006, Mot. to Amend). Moreover, inasmuch as the amended complaints reference the original complaint (and other amended complaints), none of the amended complaints are complete by themselves. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). For these reasons, I will deny plaintiff's motions to amend.

However, plaintiff may within 30 days of the date of this order file an amended complaint if he can correct the deficiencies in his motions to amend by submitting a proposed amended complaint that is complete in itself without reference to the original complaint. Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda, 133 F.3d at 1056. Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

Plaintiff is hereby advised that he has until **May 11, 2007**, in which to file an amended complaint. If plaintiff fails to file an amended complaint on or before **May 11, 2007**, this action may be dismissed pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b), copies of which are enclosed.

### III. MOTION TO APPOINT COUNSEL

On January 8, 2007, plaintiff filed a motion to appoint counsel. As grounds for his request, plaintiff states that he is unable to afford counsel. Indigent civil litigants have no

9

absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id.

In this case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Thus, plaintiff's request for court-appointed counsel is premature. Accordingly, I will deny plaintiff's motion without prejudice.

As a final matter, plaintiff has requested that he be provided with a copy of his complaint and attached exhibits. (See Pl.'s Letter of Mar. 15, 2007). It is not standard practice to provide photocopies free of charge to parties in an action, whether they are indigent inmates or not. However, plaintiff states that he does not have a locker to store his personal items and that his copy of the complaint was taken. Therefore, in this case, the court will make a rare exception and provide plaintiff with the copies he has requested.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. # 19) is **DENIED.**

10

**IT IS ORDERED** that plaintiff's motion to amend (Docket #3) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to amend (Docket #4) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to amend (Docket # 8) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to amend (Docket # 9) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to amend (Docket # 10) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to amend (Docket # 17) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to add party (Docket # 23) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion to add party (Docket # 27) is **DENIED.**

**IT IS ORDERED** that plaintiff's motion to amend (Docket # 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that plaintiff may within 30 days of the date of this order file an amended complaint. Plaintiff is hereby advised that he has until **May 11, 2007**, in which to file an amended complaint. If plaintiff fails to file an amended complaint on or before **May 11, 2007**, this action may be dismissed pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed.R.Civ.P. 41(b), copies of which are enclosed.

**IT IS ORDERED** that plaintiff will be provided with a photocopy of his complaint and attached exhibits.

Dated at Milwaukee, Wisconsin, this 11 day of April, 2007.

/s
LYNN ADELMAN
District Judge`

12

Case 2:06-cv-00984-LA   Filed 04/12/07   Page 12 of 13   Document 30

**Civil L.R. 41.3  Dismissal for Lack of Diligence.**

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

**Fed. R. Civ. P. 41(b)  Involuntary Dismissal:  Effect Thereof.**

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.